**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Percy Jones, individually and on behalf of all others similarly situated,<br><br>                               Plaintiff,<br><br>   -v.-<br><br>Real Time Resolutions, Inc.,<br><br>                              Defendant(s). | Case No.: 5:22-cv-01113 (TJM/TWD)<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Percy Jones (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Real Time Resolutions, Inc. ("RTR" or "Defendant"), individually and on behalf of a class of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     The Fair Debt Collection Practices Act ("FDCPA') was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* the Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Onondaga.

8. Defendant RTR is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) and used in the FDCPA with an address for service at C T Corporation System, 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant RTR is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

    a. with addresses in the State of New York;

    b. to whom Defendant sent a written debt collection letter(s);

    c. attempting to collect a consumer debt;

    d. despite receiving a written cease and desist communications notice(s); and

    e. which letter(s) was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written letter(s) to consumers, in the forms attached as Exhibit

B, despite receiving written cease and desist communications notice(s), violate 15 U.S.C. §§ 1692c, 1692d and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written letter(s) to consumers, in the forms attached as Exhibit B, despite receiving written cease and desist communications notice(s), violate 15 U.S.C. §§ 1692c, 1692d and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims

arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to September 2, 2020, an obligation was allegedly incurred by Plaintiff to CW Home Equity (CWHEQ 2006-B) ("CW").

21. The obligation arose out of transactions in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes.

22. The alleged CW obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. CW is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, through one or more transactions, The Bank of New York Mellon fka The Bank of New York, as successor to JPMorgan Chase Bank, N.A., as Trustee for the Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2006-B ("BofNY"), became the owner of the right to collect the alleged debt.

25. Upon information and belief, BofNY contracted with the Defendant RTR to collect the alleged debt.

26. Defendant RTR collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*September 2 & 29, 2020 Cease and Desist Communication Notices*

27. On or about September 2, 2020 and September 29, 2020, Plaintiff sent the Defendant RTR cease and desist notices regarding the alleged debt owed to BofNY ("Notices"). Copies of the Notices are attached as **Exhibit A**.

28. The Notices demand that RTR must cease and desist from any further communications with Plaintiff.

29. RTR received the Notices on or before October 3, 2020.

*Violations – November 10, 2021 & May 9, 2022 Collection Letters*

30. On or about November 10, 2021 and May 9, 2022, Defendant RTR sent the Plaintiff collection letters regarding the alleged debt ("Letters"). Copies of the Letters are attached as **Exhibit B**.

31. Despite the Plaintiff's written Notices directing Defendant to cease communications, the Letters were sent to Plaintiff in "an attempt to collect a debt."

32. The Letters state that the balance due is $20,656.62.

33. Plaintiff has suffered emotional distress, including, but not limited to anxiety and loss of sleep, as a result of Defendant's invasion of individual privacy and harassment.

34. Plaintiff specifically desired to no longer be contacted anymore, yet the communications continued causing him to become extremely upset and frightened.

35. Plaintiff has suffered wasted time and annoyance as a result of Defendant's invasion of individual privacy and harassment.

36. Plaintiff has expended, and continues to expend, time and money to stop further abuse and intrusion upon Plaintiff's seclusion from Defendant.

37. Because of the Defendant's actions, Plaintiff expended time and money in determining the proper course of action.

38. Because of the Defendant's actions, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

39. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

40. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of intrusion upon seclusion, invasion of privacy, negligent infliction of emotional distress and conversion.

41. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adopted to avoid any such violations.

42. As a result of Defendant's unfair and unconscionable debt collection practices, Plaintiff became distressed and damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c *et seq.*

43. Plaintiff repeats the above allegations as if set forth here.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

45. Pursuant to 15 U.S.C. §1692c:

> (c) If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except [listing exceptions not applicable here].

46. Defendant violated this section by communicating with the consumer multiple times after being notified in writing multiple times to cease communications, in violation of § 1692c (c).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

48. Plaintiff repeats the above allegations as if set forth here.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

50. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

51. Defendant violated this section by contacting the Plaintiff after being directed in writing to cease communications, the natural (and actual) consequence of which was harassment and abuse.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

53. Plaintiff repeats the above allegations as if set forth here.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

55. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

56. Defendant violated this section by contacting the Plaintiff after being directed in writing to cease communications.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Percy Jones, individually and on behalf of all others similarly situated, demands judgment from Defendant RTR as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

c) Awarding Plaintiff and the Class statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d) Awarding attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

f)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 27, 2022                                Respectfully submitted,

**Stein Saks PLLC**

/s/ Robert T. Yusko_____
By:  Robert T. Yusko, Esq.
One University Plaza. Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 145
Fax: (201) 282-6501
ryusko@steinsakslegal.com
*Attorneys for Plaintiff*